**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000003
31-MAR-2026
08:08 AM
Dkt. 86 SO**

NO. CAAP-24-0000003

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE REVOCABLE LIVING TRUST OF
HENRY L. GONSALVES, DATED FEBRUARY 25, 2015

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 1CTR-23-0000081)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Self-represented Petitioner-Appellant Celeste M.
**Gonsalves** appeals from the Probate Court of the First Circuit's
January 31, 2024 Judgment denying her petition to amend the
Henry L. Gonsalves Revocable Trust, dated February 25, 2015 (**the
Trust**).[1]

On appeal, Gonsalves argues that the probate court
(1) erred by not entering an order to retain the case under
Hawaiʻi Probate Rules (**HPR**) Rule 20 prior to denying her petition

---

[1] The Honorable R. Mark Browning presided until December 31, 2023. The Honorable Jeannette H. Castagnetti presided after January 1, 2024.

and (2) abused its discretion by granting the motion for attorneys' fees.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and vacate and remand.

Henry L. Gonsalves, Gonsalves's father, transferred all his assets into a living revocable self-settled trust, naming various successor trustees. During his lifetime, he amended the Trust, first adding and later removing Gonsalves as successor trustee. The second amendment of the Trust occurred after he had been diagnosed with a terminal illness.

Following her father's death, Gonsalves petitioned the probate court to remove the current trustees and be reappointed. Respondent-Appellee Keely K. Gonsalves, the named successor trustee following the second amendment of the Trust, objected and moved for attorneys' fees and costs. Following a hearing on the petition, the probate court entered a written order (1) denying Gonsalves's petition with prejudice, (2) retaining the case pursuant to HPR Rules 19 and 20, and (3) awarding attorneys' fees to be paid from the Trust assets. Gonsalves timely appealed.

**(1)** Gonsalves argues the probate court committed reversible error by not ordering the case retained under HPR Rule 20(a) prior to denying her petition to amend the Trust.

HPR Rule 20(a) provides that the probate court may, by written order, "retain a contested matter on the regular probate calendar or may assign the contested matter to the civil trials calendar of the circuit court." "A contested matter is any one in which an objection has been filed." HPR Rule 19.

It is undisputed that Gonsalves's petition was a "contested matter" within the meaning of HPR Rule 19 and that entry of a written order retaining or reassigning the case was required under HPR Rule 20(a).

The Hawai'i Supreme Court has interpreted HPR Rule 20(a) as requiring the probate court to exercise its discretion to retain or reassign contested matters through a written order. In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984 (Short Trust II), 147 Hawai'i 456, 468, 465 P.3d 903, 915 (2020).

This court has explained that the probate court commits structural error when it does not enter its HPR Rule 20(a) order retaining the case before holding a hearing on the contested matter or deciding the petition. In re Elaine Emma Short Revocable Living Tr. Agreement, Dated July 17, 1984 (Short Trust III), 155 Hawai'i 179, 557 P.3d 908, No. CAAP-21-

3

0000311, 2024 WL 4564571, at *2 (App. Oct. 24, 2024) (SDO) (vacating and remanding contested matter where HPR Rule 20(a) order retaining case was entered after hearing), vacated in part on other grounds, 156 Hawai'i 401, 575 P.3d 491 (2025); In re Helen-Edythe Richardson Revocable Living Tr. Dated Sep. 14, 1987, 157 Hawai'i 401, 577 P.3d 1092, No. CAAP-23-0000028, 2025 WL 2902421, at *3 (App. Oct. 13, 2025) (SDO) (concluding "probate court erred in failing to issue such a written order until after addressing the merits of the contested matters"); In re Raymond K. Tanaka Tr. Dated Oct. 5, 1991, No. CAAP-23-0000392, 2026 WL 622219, at *3 (Haw. App. Mar. 5, 2026) (SDO) (finding error where probate court entered findings on remand without first entering a new HPR Rule 20(a) order).

This is because, when an order retaining the case is not timely issued by the probate court, "the parties [are] not properly afforded the opportunity to request the procedures that would be employed by the court, as specifically provided by HPR Rule 20(d), and no such procedures were ever established in a written order." See Short Trust II, 147 Hawai'i at 469 n.26, 465 P.3d at 916 n.26.

Here, the probate court's failure to enter its written order retaining the case pursuant to HPR Rule 20 before holding a hearing and deciding Gonsalves's petition was structural error, requiring vacatur and remand.

4

**(2)** Next, Gonsalves challenges the award of attorneys' fees.

The award of attorneys' fees in trust litigation is premature absent a decision on the merits, which requires the entry of a valid HPR Rule 20(a) order. <u>In re Elaine Emma Short Revocable Living Tr. Agreement, Dated July 17, 1984</u> (<u>Short Trust IV</u>), 156 Hawaiʻi 401, 415, 575 P.3d 491, 505 (2025) (vacating attorneys' fees award where the merits of the case had been remanded for failure to enter an HPR Rule 20(a) order).

Thus, remand of this case also requires vacating the award of attorneys' fees.

Based on the foregoing, we vacate the probate court's January 31, 2024 Judgment and remand the case for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, March 31, 2026.

On the briefs:

Celeste M. Gonsalves,
Self-represented
Petitioner-Appellant.

Tyson T. Tamashiro,
George O. White,
(Tamashiro Sogi & Bonner),
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge